[No. 777, 778, 779, consolidated.  December 17, 1898.]

JOSEPHINE DESERANT, Administratrix of ESTATE OF HENRI DESERANT, Deceased, Plaintiff in Error, v. CERRILLOS COAL RAILROAD COMPANY, Defendant in Error.

JOSEPHINE DESERANT, Administratrix of ESTATE OF JULES DESERANT, Deceased, Plaintiff in Error, v. CERRILLOS COAL RAILROAD COMPANY, Defendant in Error.

JOSEPHINE DESERANT, Administratrix of ESTATE OF HENRI DESERANT, Jr., Deceased, Plaintiff in Error, v. CERRILLOS COAL RAILROAD COMPANY, Defendant in Error.

SYLLABUS BY THE COURT.

INJURY TO EMPLOYEE—BURDEN OF PROOF—FELLOW SERVANT.—1. In a suit brought to recover for the death of a coal miner, who is killed in an explosion in a coal mine, where the plaintiff claims that the explosion was caused by an air course being partially obstructed by accumulation of water so that sufficient air was not passing through it to properly ventilate the mine, the burden of proof is on the plaintiff to show that such air course was so obstructed that sufficient air was not passing through it.

2. The pit boss of a mine, working under a superintendent who has charge of the whole property and its workings, is a fellow servant of the other employees, and the corporation is not liable to an administratrix for the death of an employee caused by an explosion occasioned by workmen going into a room where there is an accumulation of gas, over a danger signal, with a naked light, either by the direction of the pit boss, or with him.

*Error*, from a judgment for defendant, to the First Judicial District Court, Santa Fe County.  Affirmed.

The facts are stated in the opinion of the court.

F. W. CLANCY and NEILL B. FIELD for plaintiff in error.

The servant assumes only the risks ordinarily incident to his employment. No extraordinary or unusual risks are assumed by him, unless he had knowledge or means of knowing of their existence. Cowan v. Railroad Co., 80 Wis. 284; Trunk R'y Co. v. Cummings, 106 U. S. 701; Cerrillos Coal R. R. Co. v. Deserant, 49 Pac. Rep. 810; The Joseph B. Thomas, 81 Fed. Rep. 278; Cadden v. Steele Barge Co., 88 Wis. 409; Sherman v. Lumber Co., 72 Id. 122; Clark v. Soule, 137 Mass. 380; Behm v. Armour, 58 Wis. 1; Naylor v. Railway Co., 53 Id. 661; Penn. Co. v. Whitcomb, 111 Ind. 212; McCormack v. Durandt, 136 Ill. 170; Swaboda v. Ward, 40 Mich. 420; Benzing v. Steinway, 101 N. Y. 547; Stringham v. Stewart, 100 Id. 516; Pautzer v. Tilly Foster Co., 99 Id. 368; Railroad Co. v. Cavin, 9 Bush (Ky.) 559.

Instruction number ten given at request of counsel for defendant in error is erroneous. Springett v. Coleric, 67 Mich. 362; Webster v. Sibley, 72 Id. 630; Riechendach v. Ruddach, 127 Pa. St. 564; Gehman v. Erbman, 105 Id. 371; Sexion v. School District, 36 Pac. Rep. 1052; McIntyre v. Thompson, 14 Ill. App. 554.

H. L. WALDO and R. E. TWITCHELL for defendant in error.

There was no evidence to support a verdict for plaintiff. It was the duty of the plaintiff to establish by a preponderance of the evidence not only that defendant was negligent with reference to the keeping clear of obstructions of every kind in the air course, but also that the condition of the air course was the direct or proximate cause of the explosion; also to establish by a preponderance of the evidence that defendant permitted a dangerous body of gas to accumulate in some one of the rooms or passages of the mine, and that this too was the proximate cause of the accident. Kellogg v. Railroad Co., 94 U. S. 469; Scheffer v. Railroad Co., 105 Id. 252; Hughes v. Railroad Co., 16 S. W. Rep. 276; Railroad Co. v. Schertle, 2 Am. and Eng. R. R. Cas. 162; Railroad Co. v. Johnson, 69

Fed. Rep. 571; Short v. Railroad Co., 13 South. Rep. 826; Chandler v. Railroad Co., 195 Mass. 589; Manning v. Railroad Co., 63 N. W. Rep. 313; Tyndal v. Railroad Co., 31 N. E. Rep. 655; Donald v. Railroad Co., 61 N. W. Rep. 971; Sorenson v. Menasha P. & P. Co., 14 N. W. Rep. 447; Smith v. Railroad Co., 42 Wis. 520; Morrison v. P. & C. Const. Co., 44 Id. 405; Geoghegan v. Steamship Co., 40 N. E. Rep. 507; Orth v. Railway Co., 50 N. W. Rep. 363; Corcoran v. Railroad Co., 12 Am. and Eng. R. R. Cas. 226; Stager v. Railroad Co., 119 Pa. St. 70; Redmond v. Lumber Co., 55 N. W. Rep. 1005.

There is no liability on the part of defendant company, as Donohue, the pit boss, and the fire bosses, Deighton and Ray, and every other employee and laborer in the mine were all fellow servants of plaintiff's intestate, Duggan only representing defendant as its general superintendent. Coulson v. Leonard, 77 Fed. Rep. 539; Coal Co. v. Johnson, 56 Id. 810; Martin v. Railroad Co., 166 U. S. 399; Steamship Co. v. Merchant, 133 Id. 375; Lehigh Valley Coal Co. v. Jones, 86 Pa. St. 438; Mining Co. v. Kitts, 3 N. W. Rep. 240; Morgan v. Coal Co., 34 Pac. Rep. 153; Bennett v. Iron Co., Id. 63; Jones v. Granite Mills, 126 Mass. 88; Troughear v. Coal Co., 62 Ia. 577; Peterson v. Coal and Mining Co., 50 Id. 674; McKin. on Fellow Servants, 320, note 1, 324; Ingebreghtsen v. Steamship Co., 31 Atl. Rep. 620; Alaska Mining Co. v. Whelan, 168 U. S. 89.

MILLS, C. J.—This is the second time these cases have been here for review. In these several actions damages are claimed by the plaintiff as administratrix, against the defendant, for the death of her husband, Henry Deserant, and her sons, Jules Deserant and Henry Deserant, Jr., by an explosion which occurred in the "White Ash Mine" on Wednesday, February 27, 1895, at about 10:45 a. m.

For the purpose of the trial, the three cases were consolidated by order of the court below and were also heard in this court in the same manner.

The declarations charge negligence in various ways, but on the trial no proof other than circumstantial was offered to show what was the cause of the explosion, or where it began; in the language of the learned judge who wrote the opinion when this case was last before this court, "It appears that, by this explosion, all·the employees, 23 in number, who were at the time in the fourth left entry (except those in what was called the 'plane') were killed, and therefore all evidence to show how the explosion occurred, and where was its initial point, is necessarily circumstantial." Cerrillos Coal Railroad Co. v. Deserant, 49 Pac. 807.

It is unnecessary for us to go into the particulars of the accident or show the workings of the mine, as they are sufficiently set out in the case of Cerrillos Coal Railroad Co. v. Deserant, supra, heretofore reported. The only substantial difference in the evidence is that on the former trial, it was testified that the body of Kelly was found in the upper cross-cut, between rooms 8 and 9 and the body of Flick was found on the railroad track in room number 8 above the cross-cut, while in the present case it is shown by the testimony of Kelly, one of the witnesses for the plaintiff, that the bodies of Kelly, Flick and Donohue, were found within a few feet of each other.

The theory of the prosecution as to the cause of the explosion is the same now as then, to wit: that owing to an accumulation of water previous to the explosion, in a low place in the fourth left air course, a sufficient quantity of pure air was not going to the face of the workings, in the fourth left entry to remove and expel the noxious gases; that Kelly and Flick, who were company men, that is, men who were paid by the day and not according to what work they did, acting under instructions from Donohue, the day pit-boss, went with him or by his direction into room 8, to remove a railroad track, carrying naked lights, and that such lights set fire to the gas which had accumulated there by reason of the insufficiency of air, and caused the explosion.

INJURY to employee: burden of proof.

This theory is purely speculative and is not supported by the evidence. It can not be positively proved what was the initial point of the explosion, or what caused it. In fact, the evidence goes to show, from measurements taken at various times by the superintendent of the mine, the pit-boss and the United States inspector, that sufficient air was going through the fourth air course and mine to make it safe. Indeed, the evidence goes further and shows that after the explosion and on the day of the investigation by the coroner's jury, and while much of the debris caused by the explosion was still in the fourth left air course, a sufficiency of air was passing through it, over the water and debris, through the low place, which is claimed by the plaintiff to have been obstructed by water, for the proper ventilation of the entry and its rooms and the explosion of all harmful gases and for the men and animals working there at the time of the explosion. There is no evidence that the condition of the fourth left air course was the direct or proximate cause of the explosion, and for the plaintiff to recover, this must be proved by a preponderance of evidence.

That Flick, Kelly and Donohue, were fellow servants of the deceased, can not be questioned. It is true that Donohue was an employee of a higher grade than either Kelly, Flick or the deceased, but still he was a fellow servant, this has been too often decided to need to be enlarged upon here. A. T. & S. F. R. R. Co. v. Martin, 7 N. M. 158; Martin v. A. T. & S. F. R. R. Co., 166 U. S. 399; Alaska Mng. Co. v. Whalen, 168 U. S. 86.

FELLOW servant: negligence.

If, therefore, the contention of the plaintiff is true that the explosion was caused by Kelly and Flick, by the order of Donohue, or by all three going into room number 8, where there was an accumulation of gas, with a naked light, over the danger signal (although as before stated, that this was the cause of the explosion is purely speculative) and causing it to ignite, the plaintiff can not recover, as the accident was the result of the negligence of a co-employee or fellow servant.

This case is governed by A. T. & S. F. R. R. Co. v. Martin, 7 N. M. 158; Cerrillos Coal Railroad Co. v. Deserant, 49 Pac. Rep. 807, and by a series of decisions in the United States Supreme Court, undistinguishable in principle from this one. Railroad Co. v. Baugh, 149 U. S. 368; Alaska Mng. Co. v. Whalen, 168 U. S. 86, and cases there cited.

It is unnecessary for us to consider the objections urged to the instructions given by the court below. In our opinion they were all in favor of the plaintiff, as the court should have granted the motion of the defendant and instructed the jury to find the defendant not guilty.

There is no error in the judgment of the court below, and it is therefore affirmed.

McFie, Parker, Crumpacker and Leland, JJ., concur.

### SYLLABUS BY THE COURT.